IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS GILLUM and  PLAINTIFFS
MARKESHA WELLS

CASE NO. 3:19-cv-431 HTW-LRA

VS.

ARIELLAS NY DELICATESSEN, LLC  DEFENDANT

## COMPLAINT

COME NOW Plaintiffs, Thomas Gillum (alternatively "Gillum") and Markesha Wells (alternatively "Wells") (collectively referred to as "Plaintiffs"), file this action against Defendant, Ariellas NY Delicatessen, LLC (alternatively "Arellas" or Defendant) for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

### NATURE OF SUIT

1. The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum

standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.  This action is brought by Plaintiffs under the FLSA to recover unpaid overtime compensation, liquidated damages and reasonable attorneys' fees and costs from Defendant.

## JURISDICTION

3.  Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

4.  The United States District Court for the Southern District of Mississippi has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. §1331 because this suit raises federal questions under the FLSA.

5.  The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. §1331, as Plaintiffs' claims arise under 29 U.S.C. §216(b).

## VENUE

6.  Venue lies properly within this Court under 28 U.S.C. §§1391(b)(1) and (c)(2), because the State of Mississippi has personal jurisdiction over Defendant and Defendant therefore "resides" in Mississippi.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Plaintiffs either worked for Defendant within this district during the relevant time period subject to this Complaint and/or Defendant maintained a business operation within this district.

8.  Since a substantial part of the acts complained of herein were committed and had their principal effect against Plaintiffs within this jurisdiction; venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

9. At all material times hereto, Defendant is a limited liability company who operates and conducts business in Jackson (Hinds County), Mississippi.

10. Plaintiff Gillum was employed as a sous chef by Defendant and worked for Defendant in Hinds County, Mississippi.

11. Plaintiff Wells was employed as a manager by Defendant and worked for Defendant in Hinds County, Mississippi.

## COVERAGE

12. At all material times hereto (2016-2019), Plaintiffs were each an "employee" within the meaning of the FLSA.

13. At all material times hereto (2016-2019), Defendant was the "employer" within the meaning of the FLSA.

14. Based upon information and belief, Defendant earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto.

15. At all material times hereto (2016-2019), Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16. At all material times hereto (2016-2019), Defendant was, is, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all material times hereto (2016-2019), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

18. At all material times hereto (2016-2019), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

19. At all material times hereto (2016-2019), Plaintiffs were each "engaged in commerce" and subject to individual coverage under the FLSA in that they:

a) Operated instrumentalities of commerce;

b) Transported goods in commerce;

c) Used and handled channels of commerce;

d) Communicated across state lines; and/or

e) Performed work essential to any of the preceding activities.

20. Defendant and its officers and agencies are responsible under the United States Constitution, federal law and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

21. At all material times hereto (2016-2019), the work performed by Plaintiffs was directly essential to the operations performed by Defendant.

22. At all material times hereto (2016-2019), Defendant failed to comply with 29 U.S.C. §§201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendant to properly pay Plaintiffs for those hours worked in excess of forty (40) within a work week.

23. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiffs and amounts paid to Plaintiffs, are in the possession, custody and control of Defendant.

## FACTUAL ALLEGATIONS

24. Defendant, Ariellas NY Delicatessen, LLC, is a restaurant located in Jackson, Mississippi.

25. Plaintiff, Thomas Gillum, worked as a sous chef for Defendant from approximately January 15, 2019 until April 1, 2019.

26. Plaintiff, Markesha Well, worked as a purported manager for Defendant from approximately January 15, 2019 until April 1, 2019.

27. Defendant classified each Plaintiff as exempt employees for FLSA purposes.

28. Despite the purported exempt classification, Defendant only paid each Plaintiff a salary of $900 bi-weekly or $450.00 per week for all hours worked in a given week, even hours worked over forty (40).

29. Defendant's compensation to Plaintiffs failed to meet the minimum salary threshold amount that is specified in 29 CFR Part 541 for any exemption to apply.

30. Plaintiffs are owed back wage compensation for all hours worked over forty (40) in a given workweek as a result of Defendant's misclassification of them.

31. Plaintiffs typically worked over forty (40) hours per workweek during their employ with Defendant.

32. Plaintiffs' predetermined work schedule dictated that they work at least fifty (50) hours per week, but Plaintiffs often worked longer than scheduled in order to perform work related to closing the restaurant for the day.

33. Plaintiff worked approximately fifty-five (55) hours each week.

34. Despite working fifty-five (55) hours per week, or fifteen (15) overtime hours, Plaintiffs only received their flat salary of $450.00 per week.

35. Defendants failed to pay Plaintiffs proper overtime compensation at a rate of time-and-one-half their regular rate of pay for any hours worked over forty (40) in a week.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

36. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-35 above.

37. Plaintiffs are entitled to be paid time-and-one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

38. Plaintiffs worked over forty (40) hours per work week.

39. Despite working more than forty (40) hours in any given week Defendant failed to pay Plaintiffs proper overtime compensation at a rate of time-and-one-half their regular rate of pay for all hours worked over forty (40).

40. Upon information and belief, Defendant did not maintain and keep accurate time records for Plaintiffs as required by the FLSA.

41. Also, upon information and belief, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiffs.

42. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs time-and-one-half their regular rate of pay for each hour worked in excess of forty (40) per work week, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

43. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

44. Plaintiffs demand judgment against Defendant for the payment of all overtime hours at one-and-one-half times the regular rate of pay for the hours worked by them for which the Defendant did not properly compensate them, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Thomas Gillum and Markesha Wells, respectfully request that judgment be entered in their favor against Defendant, Ariellas NY Delicatessen, LLC:

a) Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b) Awarding Plaintiffs overtime compensation in the amount due to them for Plaintiffs' time worked in excess of forty (40) hours per workweek;

c) Awarding Plaintiffs liquidated damages in an amount equal to the overtime award;

d) Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e) Awarding Plaintiffs pre-judgment interest;

f) Ordering any other further relief the Court deems just and proper.

DATED:   June 20, 2019.

    Respectfully submitted,
    THOMAS GILLUM and MARKESHA WELLS
    PLAINTIFFS


*/s/ Christopher W. Espy*
CHRISTOPHER W. ESPY (MSB#: 102424)
MORGAN & MORGAN, PLLC
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Tel:   601-718-2087
Fax:   601-718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFFS